BROWN, by guardian *ad litem,* Respondent, vs. EASTERN WIS-
CONSIN RAILWAY & LIGHT COMPANY, Appellant.

*March 23—April 13, 1915.*

*Negligence: Injury to child: Broken live wire: Improper installation:
Special verdict: Proximate cause: Adequacy of finding: Excess-
ive damages.*

1. In an action for injuries to a boy caused by coming in contact
with a broken live wire, one end of which lay flat on the ground
after a storm, the evidence is *held* to sustain findings by the
jury that the wire was so installed that it came in contact with
a limb of a tree, that such installation was negligent and caused
the breaking of the wire, and that such negligence was the
proximate cause of the injury.
2. Where, in answer to separate questions in a special verdict, the
jury found two negligent acts or omissions of the defendant,
both of which were actionable, a further finding that the neg-
ligence "thus found" was the proximate cause of plaintiff's in-
jury was a sufficient finding of proximate cause. *Peck v. Bara-
boo,* 141 Wis. 48, and *Kruck v. Wilbur L. Co.* 148 Wis. 76, dis-
tinguished.
3. Where, through defendant's negligence, the right hand of a boy
eight years old was so severely burned that he lost a part of it
and the rest was disfigured and its use impaired, an award of
$2,250 was not excessive.

APPEAL from a judgment of the circuit court for Fond du
Lac county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

Action to recover damages for a personal injury sustained
by plaintiff coming in contact with a broken live wire belong-
ing to the defendant. During the night of July 13 and 14,
1912, there was quite a heavy storm accompanied by light-
ning in the city of Fond du Lac, and in the morning of July
14th a wire belonging to the defendant was broken on Hick-
ory street in such a manner that one end lay flat on the
ground. Plaintiff, a boy eight years old, while going to a
neighbor's house to play between 8 and 9 in the morning of
July 14th, saw the wire lying on the ground, did not notice
that it was attached to anything, picked it up, and was se-

verely burned so that it became necessary to amputate the little finger and the one next to it of his right hand. It is claimed by plaintiff that defendant was negligent in permitting the wire to come in contact with the limbs of a tree whereby it was broken and in failing to seasonably inspect its line the next morning. The defendant claims the wire did not touch the limbs of a tree, but on the contrary was broken by a bolt of lightning and that it did not fail in its duty of inspection.

The jury found (1) that the wire on which the plaintiff was injured became broken by a limb of a tree coming in contact therewith during the storm that occurred the night previous to the injury; (2) that defendant did not use ordinary care in leaving the wire so that it came in contact with a limb; (3) that the defendant did not use ordinary care in inspecting its line after the storm; (4) that the want of ordinary care found in questions 2 and 3 was the proximate cause of the injury; (5) that there was no contributory negligence by plaintiff; (6) that the parents of plaintiff were not negligent; and (7) damages in the sum of $2,250. Judgment upon the verdict was entered in favor of plaintiff, and the defendant appealed.

*T. L. Doyle,* attorney, and *J. G. Hardgrove,* of counsel, for the appellant.

For the respondent there was a brief by *Glicksman, Gold & Corrigan* and *Henry Mahoney,* and oral argument by *W. D. Corrigan.*

VINJE, J. The jury found that the wire was so installed as to pass among and touch the branches of a tree; that such installation was negligent, and that it caused its breaking. They further found that the defendant was negligent in failing seasonably to inspect its line the next morning. On behalf of the defendant it is claimed that the evidence does not sustain a finding that the wire ran through or touched the branches of a tree; that lightning caused it to break; and that

the defendant seasonably inspected its line the next morning after the storm.

We have carefully examined all the evidence in the case and from such examination conclude that not only does it sustain a finding that the wire touched the branches of a tree, but also preponderates in favor of such finding. The claim that lightning caused the break in the wire rests upon vague and unsatisfactory evidence, and is considerably rebutted by the fact that several lightning arresters nearest the break were apparently unaffected. The fact that if a wet wire charged with a heavy current comes in contact with a wet tree it is likely to burn off the insulation and cause the wire to fuse and break is now almost a matter of nonexpert knowledge. Upon the evidence which supported such conclusion the jury could well find that the contact between the wire and the limb of a tree was the proximate cause of the injury.

The finding of negligent installation being sustained it becomes unnecessary to consider whether the finding of negligence as to inspection is justified by the evidence.

Question 2 read: "Did the defendant use ordinary care in leaving said wire so that it came in contact with a limb?" Question 3 read: "Did the defendant use ordinary care in respect to inspecting its lines during and after the storm that occurred during the night preceding the injury?" and question 4 read: "If to the second and third questions, or either of them, you answer 'No,' then answer this question: . . . 'Was the want of ordinary care thus found the proximate cause of the injury?'"

It is claimed by defendant that the affirmative answer to this question returned by the jury does not adequately find proximate cause because some of the jury may have thought the want of ordinary care found in the second question was the proximate cause, and the others that the want of ordinary care found in the third question was the proximate cause, and so all answered it "Yes," though their minds did not meet as to either cause. We think the question can bear no such con-

struction and was not so understood by the jury. When they were asked if the want of ordinary care *thus* found was the proximate cause, referring to two specific questions, the jury must have understood that they could not answer the question in the affirmative unless they were satisfied that the want of ordinary care found in each question was the proximate cause of plaintiff's injury. The cases of *Peck v. Baraboo,* 141 Wis. 48, 122 N. W. 740, and *Kruck v. Wilbur L. Co.* 148 Wis. 76, 133 N. W. 1117, are relied upon. In both of those cases the jury found actionable negligence and nonactionable negligence to be the proximate cause of the injury, and it was held the verdict would not support a judgment for plaintiff. We have no such case here. In this case both acts of negligence found are actionable.

It is claimed the damages are excessive. Plaintiff lost the little finger of his right hand at the knuckle joint and the finger next close to the knuckle. A portion of the palm back of the little finger was removed; the middle finger was so severely burned as to leave heavy scar tissue, making it impossible for him to fully extend it, and through the palm there is a burned ridge covered with scar tissue. The ruling and reasons given therefor in *Willette v. Rhinelander P. Co.* 145 Wis. 537, 130 N. W. 853, negative the justness of such claim.

*By the Court.*—Judgment affirmed.